UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Westley Vance Haskins,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Dora Schriro,<br><br>　　　　　Respondent.<br>_____ | CV 05-2352 PHX-MHM (JM)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the Court are Petitioner Westley Vance Haskins' Petition for Writ of Habeas Corpus [Docket No. 1] and Motion for Leave to Conduct Limited Discovery on Child Abuse [Docket No. 26].  In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.  As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice and deny the Motion for Discovery.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　　　In February 2000, the State of Arizona charged Haskins by Information with nine felony counts related to the manufacture of drugs at his residence, child abuse, and escape from custody.  (Exhibit A.)  The specific charges were filed in Maricopa County Cause Number CR 2000-001375(A) and were: Conspiracy (Count 1); Possession of Equipment and Chemicals for the Manufacture of Dangerous Drugs (Count 2); Manufacture of Dangerous Drugs (Count 3); Misconduct Involving Weapons (Count 4); Possession of Drug Paraphernalia (Count 5); two charges of Theft (Counts 6 and 7); Child Abuse (Count 8) and

1 Escape in the Second Degree (Count 9).  (Exhibit A.)  That State amended the Information
2 to allege that Petitioner had a prior felony conviction for Illegally Conducting an Enterprise
3 and alleged that he committed the offenses while on probation.  (Exhibits C & D.)

4       On March 10, 2000, Petitioner, through his attorney Rick Tosto, filed a number of
5 motions including requests for specific disclosure, a notice of change of judge, a motion for
6 a Rule 609 hearing, a voluntariness hearing, and for discovery.  (Exhibit E.)  Petitioner also
7 filed a notice of defenses indicating that he would raise a defense of mere presence and
8 insufficiency of the State's evidence.  (Exhibit F.)   Petitioner also indicated that his
9 witnesses included himself and any and all individuals named and referred to int the State's
10 disclosure.  (*Id.*)  On May 10, 2000, Petitioner filed an amended notice of defenses and added
11 the defense of entrapment and identifying prospective witnesses Mike Malone, Frances
12 Smith, Donna Little, Michelle Stockdale, Mark Bosack, Leslie Ray, and Donald Winters.
13 (Exhibit G.)  Petitioner did not provide any contact information for the identified witnesses.

14       On May 22, 2000, the State moved to dismiss the case "for the reason that there is an
15 issue as to the validity of the search which led to the riling of these charges."  (Exhibit H.)
16 The trial court granted the motion and dismissed the case without prejudice.  (Exhibit I.)  The
17 State subsequently moved to reinstate the charges and the motion was granted by the trial
18 court and, on November 6, 2000, a warrant was issued for Petitioner's arrest.  (Exhibit L.)
19  Thereafter, Petitioner and his co-defendant filed a number of motions for continuances and
20 the trial date was delayed several months.  (Exhibit M.)  The trial court ultimately set a trial
21 date of April 18, 2001.  (Exhibit N.)

22       On April 13, 2001, Petitioner filed a Supplemental Notice of Witnesses.  (Exhibit O.)
23 In the notice, Petitioner listed Emma Graham (his mother), Albert Graham (his step-father),
24 Westley Haskins, Jr. (his son), Allen Haskins (his son), David Smith, and Albert Harrington.
25 (*Id.*)  The family members were listed as residing in the town of Prescott, Arizona, and the
26 other two witnesses were listed as residing in the Maricopa County Jail.  (*Id.*)  The State
27 moved to preclude the newly identified witness on the ground that their late disclosure was
28

1  made in bad faith and unfairly prejudiced the State. (Exhibit P.) In response to the trial
2  court's inquiry regarding the disclosure of these witnesses less than a week before trial,
3  defense counsel explained:

> Well, I can only give you what I find out about at that particular time. I don't know. I think Mr. Haskins had alluded to it a little while in court. He has to talk to his other attorney. There was another attorney he was attempting to bring on board, which was Mr. Larry Debus, to which that obviously never happened.
>
> So, I don't know, I have given those names just recently. I gave them to Billie [Rosen, the prosecutor] and the Court as soon as I got them.

(Exhibit Q, at p. 4.)

During the April 18, 2002, hearing on the States motion to preclude the witnesses, Petitioner argued that he had a due process right to present the newly identified witnesses and that preclusion would be too severe a sanction because the prospective witnesses were known to the State through its criminal investigation. (Exhibit R, at pp. 6-10.) The State responded that because of the Petitioner's prior trial– where the late disclosure of witnesses had also been litigated– Petitioner was aware that the timely disclosure of witnesses was required. (*Id*. at p. 11.) During the hearing, after an off-record conversation with Petitioner, Petitioner's counsel informed the court that he had not seen Petitioner for "a few months" and that he only saw him once in the days before the date set for trial. (*Id*. at p. 13.) Petitioner's counsel requested another continuance so that another lawyer, Larry Debus, could substitute in as counsel. (*Id*. at p. 16.) The court denied the request for a continuance, found that the witnesses had not been properly disclosed, and ordered that they be precluded from testifying at trial. (*Id*. at pp. 21-22.)

Petitioner later filed a motion for reconsideration and made an offer of proof on the anticipated testimony of the six precluded witnesses, along with discussing the testimony of four additional undisclosed witnesses, Donna Little, Mark Bossack, Michelle Stockdale, and Mike Malone. (Exhibit T.) The trial court heard argument on the motion for reconsideration

1  and ruled that Petitioner would be permitted to call one witness from his May 2000 notice
2  of witnesses. (Exhibit U, pp. 75-89.)

3      The case proceeded to trial and, at the conclusion of the State's case-in chief,
4  Petitioner moved for a directed verdict. (Exhibit U, p. 168.) The trial court entered judgment
5  of acquittal on the charges of conspiracy (Count 1) and theft of a motorcycle (Count 7). (*Id.*
6  at 179-180.)

7      The jury found Petitioner guilty as charged except for returning a guilty verdict on the
8  child abuse charge as a lesser-included class 4 felony. (Exhibit X.) Regarding the theft
9  charge, the jury determined that the value of the property was $3,000 or more, but less than
10 $25,000, indicating in parenthesis "$4,000." (*Id.*)

11     The trial court imposed the following aggravated sentences: 13 years on Count 2
12 (Possession of Chemicals for the Manufacture of Dangerous Drugs); 15 years on Count 3
13 (manufacture of Dangerous Drugs); 6 years on Count 4 (Misconduct Involving Weapons);
14 2 1/4 years on Count 5 (Possession of Drug Paraphernalia); 10 years on Count 6 (Theft); 5
15 years on Count 8 (Child Abuse); and 3 years on Count 9 (Escape). (Exhibit Y.) The trial
16 court ordered that the sentences be served concurrently with the exception of the escape
17 conviction, which was to be served consecutively to the other sentences. (*Id.*) The court also
18 ordered restitution of $2,000. (*Id.*)

19     Petitioner timely appealed on June 25, 2001, and filed his opening brief on January
20 8, 2002. (Exhibit Z.) Petitioner raised the following claims on appeal:

21         1.    The trial court erred by precluding his witnesses.

22         2.    The evidence presented was insufficient to support a conviction for a Class 3 felony theft alleged in Count 6.

24         3.    The trial court erroneously concluded that Petitioner had a second prior felony conviction and improperly used it to aggravated his sentences on all counts.

26 (*Id.*) The State filed a response addressing the merits of the claims. (Exhibit AA.) On
27 August 8, 2002, the Court of Appeals issued its Memorandum Decision affirming

4

Petitioner's convictions in part, vacating the convictions in part, and remanding for re-sentencing. (Exhibit BB.)

On February 7, 2003, the trial court dismissed Count 2 (Possession of Equipment and Chemicals for the Manufacture of Dangerous Drugs), and resentenced Petitioner to the same terms on the remaining counts with the exception of the sentence for theft (Count 6), which was reduced to 6 years. (Exhibit CC.)

On November 8, 2002, during the pendency of his direct appeal, Petitioner filed a notice of post-conviction relief. (Exhibit DD.) Petitioner filed the petition for post-conviction relief on March 27, 2003, and raised the following claims of ineffective assistance of counsel:

> 1. Failure to call witnesses.
>
> 2. Failure to timely give notice of defenses, witnesses, and exhibits.

(Exhibit EE.) Petitioner submitted supporting affidavits from Albert Graham, Emma Graham, and Buffey Marie Case. (*Id.*) The State filed a response addressing the merits of the claims. (Exhibit FF.) The trial court dismissed the petition finding that Petitioner failed to meet his burden of proving ineffective assistance. (Exhibit GG.) Petitioner petitioned the court of appeals for review raising substantially the same claims, and later moved to stay the proceedings and requested a remand to the trial court with instructions to reconsider its ruling in light of *Wiggins v. Smith.* (Exhibit HH; Exhibit II.) The Court of Appeals denied the motion for stay and, on July 20, 2004, summarily denied review. (Exhibit JJ; Exhibit KK.) Petitioner then sought review by the Arizona Supreme Court which, on January 5, 2005, summarily denied Petitioner's petition for review. (Exhibit MM, Exhibit LL.)

On August 4, 2005, Petitioner filed the present petition for habeas review. Petitioner raises the following claims:

5

1. The trial court's refusal to allow Petitioner to call the witnesses on his third notice, in the absence of real prejudice to the State, violated Petitioner's constitutional right to due process, and was in contravention to clearly established federal precedent.

2. Trial counsel's failure to timely disclose witnesses was objectively unreasonable and violated Petitioner's Sixth Amendment right to effective assistance of counsel; the trial court's refusal to grant relief was in contravention to clearly established precedent.

3. Trial counsel's failure to interview and call Petitioner's proposed witnesses even when given the opportunity to do so, was objectively unreasonable and violated Petitioner's Sixth Amendment right to effective assistance of counsel; the trial court's refusal to grant relief was in contravention to clearly established federal precedent.

4. The Court of Appeals refusal to allow a remand to the trial court to reconsider its ruling in light of *Wiggins v. Smith*, 539 U.S. 510 (2003), deprived Petitioner of due process protected under the Fourteenth Amendment.

(*Docket No. 1*, p. 7.)

## II. LEGAL DISCUSSION

### A. Exhaustion of State Remedies

Respondent contends that Petitioner has failed to exhaust his state remedies in relation to Ground I of the Petition, where he alleges that the trial court's preclusion of his witnesses amounted to a violation of due process. A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir. 1999). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See*

1  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  A claim has been "fairly presented" if the petitioner has described the operative facts and legal theories on which the claim is based. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995).  The operative facts must be presented in the appropriate context to satisfy the exhaustion requirement.  The fair presentation requirement is not satisfied, for example, when a claim is presented in state court in a procedural context in which its merits will not be considered in the absence of special circumstances. *Castille*, 489 U.S. at 351.  An exact correlation of the claims in both state and federal court is not required. *Rice,* 44 F.3d at 1403. The substance of the federal claim, however, must have been fairly presented to the state courts.  *Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994) (citations omitted).

A petitioner may also exhaust his claims by either showing that a state court found his claims defaulted on procedural grounds or, if he never presented his claims in any forum, that no state remedies remain available to him. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982).  "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes*, 196 F.3d 1008, 1010 9th Cir. 1999).

**1.     Ground I Was Not Presented As A Federal Issue In State Court.**

Respondent contends that Petitioner's due process claim was not presented as a federal issue and, therefore, the state courts were not on notice that a federal claim was being asserted. *Answer*, at p. 16.   As  a  threshold  matter, the record clearly establishes that Petitioner did not frame his due process claim in federal terms. The Ninth Circuit Court of Appeals has held that a state prisoner has not fairly presented federal claims in state court unless he specifically indicated to that court that the claims were based on federal law. *See, e.g., Lyons v. Crawford,* 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir.

2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked the specificity and explicitness required to present federal claim); *Shumway v. Payne,* 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."). A petitioner must make the federal basis of a claim explicit by citing specific provisions of federal statutory or case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding,* 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

Here, Petitioner cannot establish he satisfied these exhaustion requirements. In his brief on direct appeal of his conviction, only a cursory mention of a federal basis appears. (Exhibit Z, p. 13). The substance of Petitioner's claim is based on the Arizona Constitution, the Arizona Rules of Criminal Procedure, and on five Arizona cases addressing the issues of discovery sanctions and the preclusion of witnesses. (*Id.*) In response to Petitioner's argument, the State noted that he had not raised any argument based on Federal constitutional guarantees and therefore only addressed Petitioner's state law arguments. (Exhibit AA, pp. 7-9.) The Arizona Court of Appeals addressed the argument only under state law grounds. (Exhibit BB, pp. 3-7.) As there was nothing in Petitioner briefs that would alert the Arizona courts to a federal aspect of this claim, it was not fairly presented. *See Johnson v. Zenon,* 88 F.3d 828, 830-31 (petitioner did not fairly present his federal claim where he "limited his arguments exclusively to state evidentiary law").

**2.     No State Court Remedies Remain Available.**

If a claim has not been fairly presented to the state court, a federal habeas court may determine whether state remedies remain available. *See Harris v. Reed*, 489 U.S. 255, 269-270 (1989) (O'Connor, J., concurring). When determining whether state remedies are

8

available, the court looks to the time of filing of the federal habeas petition. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982). If, at the time the habeas petition is filed, there are no state remedies available to a petitioner who has failed to fairly present a claim in a procedurally appropriate manner to the state's highest court, the petitioner has technically exhausted the claim by procedural default. *Swoopes*, 196 F.3d at 1010. That is the case here. As Respondents assert, any attempt by Petitioner to now present these unexhausted claims in state court would be futile. Pursuant to Rule 32.2, Ariz.R.Crim.P., a petitioner may not be granted state court relief on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief. Only if a claim falls within certain exceptions (outlined in sub-sections (d) through (g) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition will the preclusive effect of Rule 32.2 be avoided. Here, Petitioner presents no argument addressing the applicability of any exception provided in Rule 32. As such, Petitioner's due process claim is procedurally defaulted.

### 3. Petitioner Cannot Establish Cause And Prejudice.

As Petitioner's due process claim is procedurally defaulted, federal court review is barred absent a showing of legitimate cause for the default and actual prejudice attributable to it, or a demonstration that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992). "Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). To show cause, a petitioner must ordinarily demonstrate that "some factor external to the defense" impeded efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The fundamental miscarriage of justice exception is only available "where the petitioner supplements his constitutional claim with a colorable showing of factual innocence." *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995) (*quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993)). As Petitioner has not argued

factual innocence or responded to the State's argument that cause and prejudice are not present, there is no basis for review of this claim.

### B.     Ineffective Assistance of Counsel

Grounds 2 and 3 of the petition allege that Petitioner's trial counsel was ineffective for failing to interview and timely disclose witnesses. Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to determine if Petitioner was denied effective assistance of counsel, the court must determine "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the deficient performance prejudiced the defense, i.e., that counsel's errors were so serious as to deprive the defendant of a fair trial. 466 U.S. at 687. In other words, "but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

In reviewing counsel's performance, the court must be highly deferential to counsel's behavior. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. A reviewing court may first consider the prejudice prong of the *Strickland* test, and if it finds that the alleged unprofessional conduct would not have changed the result of the proceeding, it need not consider the performance prong. *Id*.

Addressing the claims raised in Grounds 1 and 2, the trial court (which issued the last reasoned decision) concluded as follows:

> Defendant was well aware of the witnesses which were not disclosed. The Court finds no sufficient evidence to call for an evidentiary hearing since the Court is not persuaded that the outcome would have been any different than what occurred. Defendant claims that he was prejudiced by not being allowed to call witnesses he identified just before trial. However, defendant fails to respond to the fact that the Court allowed him to call one of his requested witnesses and he chose not to call any such witness. It is not appropriate to second-guess the strategy of trial counsel. Further, defendant failed to provide his counsel with the addresses of the witnesses he now claims were precluded because of [his attorney] Mr. Tosto's ineffective representation; however, defendant is the party who knew or could have provided such information and it was never turned over.
>
> Defendant complains that evidence could have been presented about part of the property being rented to another person; however, there was evidence about the lease and the lease was admitted into evidence. What defendant fails to address is the overwhelming evidence against him, including the presence of surveillance cameras on the perimeter of the property to be able to see who was approaching, the presence of drugs in his daughter's system, and the testimony of Mr. Smith.

(Exhibit GG, pp. 1-2.)

Going directly to *Strickland's* prejudice prong, there is no basis for a finding that the trial court was unreasonable in concluding that the alleged unprofessional conduct would not have changed the result of the proceeding. *See* 28 U.S.C. § 2254(d)(2). The appropriate inquiry is whether the state court's factual determinations on the issue were "objectively unreasonable." *Miller-El v. Cockrell* 537 U.S. 322, 340 (2003). As the quoted portion of the court's reasoning establishes, evidence about the lease and the lease itself were admitted at trial, but the trial court, considering what it termed "overwhelming evidence against [Petitioner]," including surveillance cameras installed on the property and the drugs in his daughter's system, concluded that more evidence about the lease would not have made a difference in the outcome of the trial. The court's factual determinations are presumed

correct, 28 U.S.C. § 2254(e)(1), and the Petitioner has not satisfied his burden with evidence that rebuts the trial court's findings. As such, Petitioner is not entitled to relief on his Grounds 1 and 2 ineffective assistance of counsel claims.

### C. Due Process Violation from Failure to Remand

Petitioner's final claim is that the Court of Appeals's refusal to allow a remand to the trial court to reconsider its ruling in light of *Wiggins v. Smith*, 539 U.S. 510, 2003) deprived him of due process. However, as Respondent indicates, the denial of remand was based on Rule 32.1 of the Arizona Rules of Criminal Procedure. The Ninth Circuit "has specifically stated that federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). As Petitioner's claim is based on an alleged procedural error in his post-conviction relief proceedings, relief is unavailable.

### D. Motion for Leave to Conduct Limited Discovery on Child Abuse

Petitioner seeks leave of Court to conduct discovery related to the drug test results and medical records for his daughter, Mallory Haskins. Rule 6(a) of the Rules Governing § 2254 cases allows the district court to authorize a party to conduct discovery under the Federal Rules of Civil Procedure. However, to expand the record in the manner proposed by Petitioner, he must establish pursuant to 28 U.S.C. § 2254(e)(2) that he was diligent in attempting to develop the factual basis of the claim in state court. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). To meet the burden § 2254(e)(2) imposes, a petitioner must show that he is relying on "a factual predicate that could not have been previously discovered through the exercise of diligence." 28 U.S.C. § 2254(e)(2). The factual predicate to Petitioner's request for discovery was available to him immediately following trial. Accordingly, Petitioner cannot make the required showing and is not entitled to discovery.

## III. RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Petitioner's Petition for Writ of Habeas Corpus filed August 4, 2005 [Docket No. 1];

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Leave to Conduct Limited Discovery on Child Abuse [Docket No. 26] be **denied**.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-2352-PHX-MHM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 24th day of June, 2008.

Jacqueline Marshall
United States Magistrate Judge

13