**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WESTLEY VANCE HASKINS, ) | CV 05-2352-PHX MHM (JM) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| DORA SCHRIRO, Director, Arizona ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

Petitioner Westley Haskins filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 4, 2005. (Dkt. #1). The matter was referred to Magistrate Judge Jacqueline Marshall for Report and Recommendation on June 9, 2006. On May 5, 2008, following Respondent's Answer (Dkt. #18) and Petitioner's Motion to Conduct Limited Discovery (Dkt. #26), Magistrate Judge Marshall filed her Report and Recommendation (Dkt. #35). Petitioner then filed Objections to the Report and Recommendation (Dkt. #37). Petitioner also filed a Motion for a Procedural Order (Dkt. #36) and a Motion to Stay Habeas Corpus Proceedings Pending Appeal (Dkt. #41).

### I.   STANDARD OF REVIEW

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those facts to

which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II. DISCUSSION

In 2001, Petitioner was convicted in Maricopa County Superior Court of one count of possession of chemicals for the manufacture of dangerous drugs, one count of manufacture of dangerous drugs, one count of misconduct involving weapons, one count of possession of drug paraphernalia, one count of theft, one count of child abuse, and one count of escape. (Respondent's Answer, Exhibit X). Petitioner was sentenced to consecutive terms, with the exception of the escape conviction, for which Petitioner received three years, of 13 years for possession of chemicals for drug-making; 15 years for manufacturing drugs; six years for misconduct involving weapons; two and one-quarter years for possession of drug paraphernalia; ten years for theft; five years for child abuse. (Exhibit Y). As such, Petitioner was sentenced to 18 years.

Petitioner filed a timely notice of appeal and on August 8, 2002, the Arizona Court of Appeals affirmed Petitioner's convictions in part, vacated in part, and remanded for re-sentencing. (Exhibit BB). On February 7, 2003, the trial court dismissed the count of possession of chemicals for the manufacture of dangerous drugs and resentenced Petitioner to the same terms on the remaining counts with the exception of the sentence for theft, which was reduced to six years. (Exhibit CC). Petitioner's sentence remained 18 years (15 years for manufacture of dangerous drugs and lesser consecutive terms, plus three years for escape conviction).

On November 8, 2002, Petitioner filed a notice of post-conviction relief (Exhibit DD), asserting claims of ineffective assistance of counsel based on Petitioner's counsel's failure

1  to call witnesses and failure to timely give notice of defenses, witnesses, and exhibits.
2  (Exhibit EE).  The trial court dismissed Petitioner's petition, finding that Petitioner failed to
3  meet his burden of proving ineffective assistance of counsel.  (Exhibit. GG).  Petitioner
4  subsequently petitioned the Arizona Court of Appeals for review and then moved to stay the
5  proceedings and remand to the trial court with instructions to reconsider its ruling in light of
6  <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003).  (Exhibit HH; Exhibit II).  The Court of Appeals
7  denied the motion to stay and summarily denied review on July 20, 2004.  (Exhibit JJ;
8  Exhibit KK).  The Arizona Supreme Court then summarily denied review of the petition on
9  January 5, 2005.  (Exhibit MM; Exhibit LL).

10  **A.    Report & Recommendation**

11  On August 4, 2005, Petitioner filed the present Petition for Writ of Habeas Corpus
12  ("Federal Petition") pursuant to 28 U.S.C. § 2254.  Petitioner raises claims of ineffective
13  assistance of counsel under the Sixth Amendment to the United States Constitution and
14  violation of due process under the Fourteenth Amendment. (Dkt. #1, p.7).  Petitioner's due
15  process claims arise out of the trial court's refusal to allow Petitioner to call Petitioner's late-
16  disclosed witnesses and the Court of Appeal's refusal to allow a remand to the trial court to
17  reconsider its ruling in light of <u>Wiggins v. Smith</u>.  (Id.).  Petitioner's ineffective assistance
18  of counsel claims arise out of Petitioner's counsel's failure to timely disclose witnesses and
19  failure to interview and call Petitioner's proposed witnesses.  (Id.).

20  After reviewing the Petition for Writ of Habeas Corpus, Respondent's Answer, and
21  Petitioner's Motion to Conduct Limited Discovery on Child Abuse, Magistrate Judge
22  Marshall issued a Report and Recommendation to deny both Petitioner's petition and Motion.
23  First, with respect to Petitioner's due process claim regarding the trial court's refusal to allow
24  Petitioner to call all of his late-disclosed witnesses, the long and short of it is that the
25  Magistrate Judge found that although Petitioner had not exhausted his constitutional due
26  process claims in state court, Petitioner's due process claims are procedurally defaulted since
27  any attempt by Petitioner to now present his claims in state court would be futile.  As such,
28  federal court review is barred unless Petitioner can show legitimate cause for the default and

1 actual prejudice attributable to it, or that failure to consider the claim will result in a
2 fundamental miscarriage of justice. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750
3 (1991); Sawyer v. Whitley, 505 U.S. 333, 338-39 (1992). To show "cause," Petitioner must
4 ordinarily demonstrate that "some factor external to the defense" impeded efforts to raise his
5 claim in state court, Murray v. Carrier, 477 U.S. 478, 488 (1986); to show a fundamental
6 miscarriage of justice, Petitioner must make "a colorable showing of factual innocence."
7 Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995).

8       The Magistrate Judge found that because Petitioner did not argue factual innocence
9 or respond to the State's argument that cause and prejudice are not present here, federal
10 review of Petitioner's procedurally defaulted due process claim is barred. However, in his
11 objection, Petitioner contends for the first time that he has discovered new evidence that
12 bears on the elements of cause and prejudice, as well as factual innocence. Because
13 Respondent has not addressed this "newly discovered evidence," the Court will direct
14 Respondent to file a response to Petitioner's Objection to the Report and Recommendation
15 and his allegations of cause, prejudice, and factual innocence.

16       Second, with respect to Petitioner's claims of ineffective assistance of counsel,
17 Petitioner must demonstrate that counsel's performance was deficient, i.e., counsel's conduct
18 "fell below an objective standard of reasonableness," and the deficient conduct prejudiced
19 the defense, i.e., "but for counsel's unprofessional errors, the result of the proceeding would
20 have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). After
21 reviewing the record, the Magistrate Judge found that Petitioner raised no sufficient basis for
22 a finding that the trial court was unreasonable in concluding that the alleged unprofessional
23 conduct would not have changed the result of the proceeding. The Magistrate Judge noted
24 that the state court's factual determinations on the issue are presumed corrected under 28
25 U.S.C. § 2254(e)(1), and found that based on the record, the state's courts determinations
26 were not "objectively unreasonable." See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).
27 However, Petitioner now raises in his Objection to the Report and Recommendation that
28 "newly discovered evidence" indicates that a Brady violation may have occurred because the

- 4 -

1 State allegedly did not disclose a felony conviction of state witness Francis Smith. In
2 addition, Petitioner contends that his counsel not only failed to investigate that matter, but
3 also failed to investigate another witness named Leslie Donald Ray, who Petitioner contends
4 is relevant to this case and was in state custody at the time of his trial. Again, Respondent
5 has not addressed these contentions, and as such, the Court will direct Respondent to also
6 respond to Petitioner's Objection to the Report and Recommendation with respect to this
7 issue, i.e., whether Petitioner's newly raised allegations are sufficient to rebut the state
8 court's findings on Petitioner's claims of ineffective assistance of counsel.

9 Third, with respect to Petitioner's due process claim arising out of the Arizona Court
10 of Appeal's refusal to allow a remand to the trial court to reconsider its ruling in light of
11 Wiggins v. Smith, 539 U.S. 510 (2003), the Magistrate Judge noted that the denial of remand
12 was based on Rule 32.1 of the Arizona Rules of Criminal Procedure. As such, Petitioner's
13 claim is based on an alleged procedural error in his post-conviction relief proceedings, and
14 "federal habeas relief is not available to redress alleged procedural errors in state post-
15 conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998). Petitioner
16 does not substantively respond to the Magistrate Judge's findings and conclusion in his
17 Objection. Thus, the Court will adopt the Magistrate Judge's Report and Recommendation
18 with respect to Petitioner's due process claim for failure to remand.

19 Finally, with respect to Petitioner's Motion for Leave to Conduct Limited Discovery
20 on Child Abuse, the Magistrate Judge noted that while a district court may allow a party to
21 conduct discovery under Rule 6(a) of the Rules Governing § 2254 cases, Petitioner must
22 nevertheless establish pursuant to 28 U.S.C. § 2254(e)(2) that he was diligent in attempting
23 to develop the factual basis fo the claim in state court. To do so, Petitioner must show that
24 he is relying on "a factual predicate that could not have been previously discovered through
25 the exercise of diligence." 28 U.S.C. § 2254(e)(2). The Magistrate Judge found that the
26 factual predicate to Petitioner's request for discovery related to his daughter's drug test
27 results and medical records was available to Petitioner immediately following trial, and thus
28 Petitioner is not entitled to discovery on this matter. The Court agrees. Although Petitioner

1 now alleges that his daughter did not have drugs in her system as alleged by the State, there
2 is nothing to suggest that Petitioner could not have raised this issue in his state court
3 proceedings. Petitioner acknowledges as much insofar as he alleges ineffective assistance
4 of counsel due to his counsel's failure to investigate this issue. As such, although Petitioner
5 could have raised this issue previously in state court, he did not, and thus he can not establish
6 that he was diligent in attempting to develop the factual basis of his claim in state court under
7 28 U.S.C. § 2254(e)(2).

        **B.**     **Motion to Stay and Motion for Procedural Order**

9 Petitioner filed a Motion to Stay Habeas Corpus Proceeding Pending Appeal on
10 August 29, 2008. (Dkt. #41). Petitioner requests that the Court stay determination on
11 Petitioner's Federal Habeas Petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), in
12 order to allow Plaintiff's attorney, David Goldberg, to exhaust "factual innocence issues" in
13 state court. (Id.). Respondent has not yet weighed in on this issue, and the alleged "new
14 evidence" and "factual innocence issues" raised by Petitioner in his Objection to the Report
15 and Recommendation and Motion to Stay were not addressed in the Magistrate Judge's
16 Report and Recommendation (as they had not been raised prior to the Report). Per Rhines
17 v. Weber, "it likely would be an abuse of discretion for a district court to deny a stay and to
18 dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his
19 unexhausted claims are potentially meritorious, and there is no indication that the petitioner
20 engaged in intentionally dilatory litigation tactics. In such circumstances, the district court
21 should stay, rather than dismiss, the mixed petition." 544 U.S. at 278. As such, before
22 making a final determination on Petitioner's Federal Habeas Petition, the Court will direct
23 Respondent to file a response to Petitioner's Motion to Stay in light of the allegations raised
24 in Petitioner's Objection to the Report and Recommendation, and request that the Magistrate
25 Judge issue a supplemental Report and Recommendation on the merits of Petitioner's Motion
26 to Stay Habeas Corpus Proceedings.

27 In addition, on June 4, 2008, Petitioner filed a Motion for Procedural Order, asking
28 that the Court authorize Petitioner to use his personal typewriter to prepare documents with

1  respect to this litigation.  Petitioner claims, as the reason for his request, that he has been
2  diagnosed with osteoarthritis and degenerative joint disease.  Respondent did not file a
3  response to Petitioner's Motion.  As such, for good cause appearing, the Court requests that
4  the Arizona Department of Corrections allow Petitioner to use his personal typewriter to
5  prepare documents with respect to this litigation.

7  **Accordingly,**

8  **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
9  Recommendation (Dkt. #37) on Petitioner's Motion to Conduct Limited Discovery.  (Dkt.
10 #26).  Petitioner's Motion is DENIED.

11 **IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and
12 Recommendation (Dkt. #37) on Petitioner's claim for violation of due process with respect
13 to the Arizona Court of Appeal's refusal to remand to the trial court.

14 **IT IS FURTHER ORDERED** withholding ruling on the remainder of the Magistrate
15 Judge's Report and Recommendation (Dkt. #37) pending determination of Petitioner's
16 Motion to Stay Habeas Corpus Proceedings Pending Appeal (Dkt. #41).

17 **IT IS FURTHER ORDERED** granting Respondent's pending Motion for Extension
18 of Time to File Response to Petitioner's Objections to the Magistrate Judge's Report and
19 Recommendation.  (Dkt. #40).  Respondent must file a Response no later than October 14,
20 2008.  The Court would like Respondent to address Petitioner's allegations of cause,
21 prejudice, and factual innocence with respect to his due process claim, and whether
22 Petitioner's newly raised allegations are sufficient to rebut the state court's findings with
23 respect to Petitioner's claims of ineffective assistance of counsel.

24 **IT IS FURTHER ORDERED** directing Respondent to file a response to Petitioner's
25 Motion to Stay Habeas Corpus Proceedings Pending Appeal (Dkt. #41).  Respondent must
26 file a response no later than October 14, 2008.

27 ////
28 ////

1  **IT IS FURTHER ORDERED** that Petitioner's Motion for a Procedural Order (Dkt. #36) is GRANTED.  The Court requests that the Arizona Department of Corrections allow Petitioner to use his personal typewriter to prepare documents with respect to this litigation.

DATED this 15th day of September, 2008.

_____
Mary H. Murguia
United States District Judge