UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Westley Vance Haskins,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Dora Schriro,<br><br>　　　　　Respondent.<br>_____ | CV 05-2352 PHX-MHM (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner's Motion to Stay Habeas Corpus Proceedings Pending Appeal [Docket No. 41]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny Motion to Stay Habeas Corpus Proceedings Pending Appeal.

*Discussion*

In his motion, Petitioner requests that this case be stayed so that his new counsel can "go back into State court to exhaust the factual innocence issues and raise Federal Constitutional arguments, which Petitioner's former attorneys failed to do." He explains that a trip back to State court is necessary because the Federal courts "cannot consider habeas petitions containing both exhausted and/or unexhausted claims."

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). A stay is appropriate where the district court has first

determined that good cause exists for the petitioner's failure to exhaust in state court, that the unexhausted claim is potentially meritorious, and that the petitioner acted with reasonable diligence to exhaust the unexhausted claims. *Id*.

The problem here is that Petitioner has not fully identified the purportedly unexhausted claim he seeks to raise in state court and, presuming it is one of factual innocence, it was not included in his pending Petition. As a threshold matter, Rule 2(c)(1) of the Rules Governing Section 2254 Cases provides that "[t]he petition must specify all the grounds for relief available to the petitioner." As the claim of actual innocence does not appear in the Petition, it would accordingly be improper for the Court to consider. Moreover, without any specific information about the substance of the claim, the Court could not fairly evaluate it under the *Rhines* criteria. As such, there is no basis for a stay and abey order.

Respondents argue further that Petitioner cannot amend the petition to include the factual innocence claim because it is not a viable basis for federal habeas relief. However, as this issue is not squarely before the Court, and Petitioner has not been heard, it would be premature to address this question.

*Recommendation*

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Petitioner's Motion to Stay Habeas Corpus Proceedings Pending Appeal [Docket No. 41]

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-2352-PHX-**

1 **MHM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 12th day of December, 2008.

_____
Jacqueline Marshall
United States Magistrate Judge