IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WESTLEY VANCE HASKINS,<br><br>    Petitioner,<br><br>vs.<br><br>DORA SCHRIRO, Director, Arizona Department of Corrections,<br><br>    Respondent. | CV 05-2352-PHX MHM (JM)<br><br>**ORDER** |

Currently before the Court are Petitioner's Motion to Stay Habeas Corpus Proceedings Pending Appeal (Dkt. #41) and Magistrate Judge Jacqueline Marshall's accompanying Report and Recommendation (Dkt. #56).

**I.     STANDARD OF REVIEW**

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C).  In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II. PROCEDURAL HISTORY

Petitioner Westley Haskins filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 4, 2005. (Dkt. #1). The matter was referred to Magistrate Judge Jacqueline Marshall for Report and Recommendation on June 21, 2006. (Dkt. #3). On May 5, 2008, following Respondent's Answer (Dkt. #18) and Petitioner's Motion to Conduct Limited Discovery (Dkt. #26), Magistrate Judge Marshall filed her Report and Recommendation that the Court deny the Petition for Writ of Habeas Corpus (Dkt. #35).

Petitioner then filed Objections to the Report and Recommendation, raising new allegations of a Brady violation for failure to disclose felony convictions of state witnesses and factual innocence with respect to his state conviction on one count of child abuse. (Dkt. #37). In addition, Petitioner filed a Motion for a Procedural Order to authorize Petitioner to use his personal typewriter to prepare documents with respect to this litigation due to his diagnosis of osteoarthritis and degenerative joint disease (Dkt. #36). Petitioner also filed a Motion to Stay Habeas Corpus Proceedings Pending Appeal (Dkt. #41).

On September 16, 2008, the Court adopted Magistrate Judge Marshall's Report and Recommendation in part, denying both Petitioner's Motion to Conduct Limited Discovery and Petitioner's due process claim with respect to the Arizona Court of Appeal's refusal to remand, and granting Petitioner's unopposed Motion for a Procedural Order. (Dkt. #44). The Court withheld ruling on the remainder of Judge Marshall's Report and Recommendation and directed Respondents to address Petitioner's newly-raised allegations, including whether those allegations are sufficient to warrant granting Petitioner's Motion to Stay. (Id.). The Court requested a supplemental Report and Recommendation from Judge Marshall on the merits of Petitioner's Motion to Stay. (Id.).

On September 19, 2008, Respondents requested that the Court stay the Order granting Petitioner's Motion for Procedural Order to use his personal typewriter pending an Objection by the Arizona Department of Corrections. (Dkt. #45). The Court granted that Motion on September 26, 2008. (Dkt. #47). The Department of Corrections filed

1  their Objection on October 27, 2008. (Dkt. #48). That issue remains pending before the
2  Court.

3        Respondents filed their response to Petitioner's newly-raised allegations of factual
4  innocence and a <u>Brady</u> violation on October 31, 2008. (Dkt. #49). On December 5,
5  2008, Petitioner filed a Reply to that Response, a second Motion to Stay pending
6  adjudication of Petitioner's unexhausted claims in state court, and a Reply to the
7  Department of Correction's Objection to Petitioner's Motion for Procedural Order. (Dkt.
8  #s 52-54).

9        After reviewing Respondents' Response to Petitioner's newly-raised allegations,
10 the Court ordered Respondents to file a supplement brief addressing whether the Court
11 should allow Petitioner to amend his Petition to state his alleged <u>Brady</u> violation as a free-
12 standing claim and/or state a claim for ineffective assistance of counsel for failure to
13 investigate the presence of drugs in Petitioner's daughter's system. (Dkt. #55). The
14 Court also directed Respondents to address whether Petitioner would be entitled to a stay
15 to present his claims to the state courts per <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).
16 Respondents filed their supplemental response on January 12, 2009 (Dkt. #59), and
17 Petitioner filed a Reply on January 23, 2009 (Dkt. #62).

18       On December 12, 2008, Magistrate Judge Marshall issued a Report and
19 Recommendation that the Court deny Petitioner's original Motion to Stay Habeas Corpus
20 Proceedings Pending Appeal. (Dkt. #41). Petitioner filed an Objection on January 21,
21 2009. (Dkt. #60). Then, on January 23, 2009, Petitioner filed a Motion to Amend Writ of
22 Habeas Corpus. (Dkt. #61).

23 **III.  DISCUSSION**

24       The instant Order addresses only Petitioner's Motion to Stay Habeas Corpus
25 Proceedings (Dkt. #41) and Magistrate Judge Marshall's Report and Recommendation
26 addressing that Motion (Dkt. #56).

27       In his Motion to Stay, Petitioner requests that his case be stayed so that his new
28 counsel can "go back into State court to exhaust the factual innocence issues and raise

1 Federal Constitutional arguments . . . . [because] Federal courts cannot consider habeas
2 petitions containing both exhausted and/or unexhausted claims." (Dkt. #41, p.2). In
3 support of that contention, Petitioner cites the Court to <u>Rhines v. Weber</u>, 544 U.S. 269
4 (2005), which holds that, in limited circumstances, a federal district court has the
5 discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to
6 allow the petitioner to present his unexhausted claims to the state court in the first
7 instance, and then return to federal court for review of his perfected petition. In her
8 Report and Recommendation, Magistrate Judge Marshall recommends that the Court
9 deny the Motion to Stay because "Petitioner has not fully identified the purportedly
10 unexhausted claim he seeks to raise in state court and, presuming it is one of factual
11 innocence, it was not included in his pending Petition. . . . Moreover, without any specific
12 information about the substance of the claim, the Court could not fairly evaluate it under
13 the <u>Rhines</u> criteria. As such, there is no basis for a stay and abey order." (Dkt. #56, p.2).

14 In his Objection to the Report and Recommendation, Petitioner reasserts his
15 allegations that, among other things, he has discovered new evidence of factual innocence
16 with respect to his conviction of one count of child abuse (Count 8), and that Petitioner's
17 counsel were ineffective for not discovering such evidence. (Dkt. #60, pp. 2-3).
18 Petitioner also states that he has found newly discovered evidence showing factual
19 innocence with respect to his conviction for manufacture of dangerous drugs (Count 2).
20 (Id., pp. 2-3). Petitioner then reiterates the position he took in his Motion that the Court
21 should stay so that Petitioner can pursue his unexhausted claims in state court. (Id., p.5).
22 However, Petitioner fails to address the fact that these claims were not included in his
23 original Petition for Writ of Habeas Corpus. Rule 2(c)(1) of the Rules Governing Section
24 2254 Cases in the United States District Courts clearly states that a Petition for Writ of
25 Habeas Corpus must "specify all the grounds for relief available to the petitioner." As
26 such, the Court must deny Petitioner's Motion to Stay Pending Appeal.

27 Nonetheless, the Court notes that Petitioner is not prejudiced by the denial of his
28 original Motion to Stay. Still pending are Petitioner's second Motion to Stay, which also

- 4 -

1  requests that the Court stay the current habeas action so that Petitioner can pursue
2  unexhausted claims in state court (Dkt. #53), as well as Petitioner's Motion to Amend his
3  Writ of Habeas Corpus (Dkt. #61).  Therefore, when determining whether to allow
4  Petitioner to amend his Petition for Writ of Habeas Corpus, the Court will also address
5  Petitioner's second Motion to Stay and decide whether a stay is appropriate at that time.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation (Dkt. #56) on Petitioner's Motion to Stay Habeas Corpus Proceedings Pending Appeal (Dkt. #41).  Petitioner's Motion (Dkt. #41) is DENIED.

**IT IS FURTHER ORDERED** requesting that U.S. Magistrate Judge Jacqueline Marshall issue a Report and Recommendation on the issues and motions that remain pending in this action: (1) the Arizona Department of Corrections's Objection to the Court's granting Petitioner's Motion for a Procedural Order (Dkt. #s 36, 44, 48), (2) Petitioner's Motion to Stay (Dkt. #s 52, 55, 59, 62), and (3) Petitioner's Motion to Amend Writ of Habeas Corpus (Dkt. #61).  The Court also requests that Judge Marshall report on whether the Court's decision to withhold ruling in part on her initial Report and Recommendation (Dkt. #44) should be deemed moot as a result of Petitioner's Motion to Amend.

DATED this 10th day of February, 2009.

_____
Mary H. Murguia
United States District Judge